Hon. Sheila B. Blume, M.D. Director Division of Alcoholism and Alcohol Abuse
Your Counsel has asked whether Public Officers Law, § 17 provides protection from lawsuits in the form of representation and indemnification for State employees if the lawsuits arise out of actions performed by the State employee as part of his or her duties.
Under section 17 (4) of the Public Officers Law, the duty to defend or indemnify a State employee is conditioned upon
 "(i) delivery to the attorney general or an assistant attorney general at an office of the department of law in the state by the employee of the original or a copy of any summons, complaint, process, notice, demand or pleading within five days after he is served with such document, and (ii) the full cooperation of the employee in the defense of such action or proceeding and in defense of any action or proceeding against the state based upon the same act or omission, and in the prosecution of any appeal. Such delivery shall be deemed a request by the employee that the state provide for his defense pursuant to this section."
If the employee requests representation in compliance with subdivision (4), "the state shall provide for the defense of the employee in any civil action or proceeding * * * arising out of any alleged act or omission which occurred or is alleged in the complaint to have occurred while the employee was acting within the scope of his public employment or duties * * *" (§ 17 [2]).
Subdivision 3 (a) further states
 "The state shall indemnify and save harmless its employees in the amount of any judgment obtained against such employees in any state or federal court, or in the amount of any settlement of a claim, provided that the act or omission from which such judgment or settlement arose, occurred while the employee was acting within the scope of his public employment or duties; the duty to indemnify and save harmless prescribed by this subdivision shall not arise where the injury or damage resulted from intentional wrong-doing or recklessness on the part of the employee."
Consequently, if your employees are sued for acts committed while acting within the scope of their employment and request counsel from the Attorney General, they will be represented. This applies to both staff and security personnel.
Ultimately it is the State Comptroller's decision whether to indemnify in any specific case.
Workers who are injured while performing their jobs are, as your Counsel suggests, covered by the Workers' Compensation Law, § 10. This section requires that every employer secure compensation for his employees "arising out of and in the course of employment". Exceptions are made only if the employee was drunk on duty or wilfully intended to injure another or himself.
Finally, your Counsel asked specifically about the consequence to security personnel at your State-operated treatment centers of either ejecting, or if appropriate, arresting disruptive clients. If taking such action is within the scope of the public employment or duties of security personnel and not, in a given case, a matter of "intentional wrongdoing or recklessness", the Attorney General will defend them in any civil action arising out of the ejection or arrest.